IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT J. PROKOP, | ) | 4:10CV3176 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA ACCOUNTABILITY | ) | |
| AND DISCLOSURE | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a Motion to Dismiss (filing no. 22) filed by Defendants James and Lori McClurg (together, the "McClurgs"), and a Motion to Dismiss (filing no. 10) filed by Defendants Nebraska Accountability and Disclosure Commission ("NADC"), NADC's general counsel William L. Howland, Nebraska Secretary of State John Gale, and fourteen individual NADC employees (together, the "NADC Defendants"). Also pending are Plaintiff's Motion for Temporary Restraining Order, the McClurgs' Motion for Attorney's Fees and Plaintiff's Motion in Opposition to Defendants' Motions to Dismiss. (Filing Nos. 12, 24 and 45.)

As set forth below, Defendants' Motions to Dismiss are granted. Plaintiff's Motion for Temporary Restraining Order and Motion in Opposition are denied. The McClurgs' Motion for Attorney's Fees is granted with respect to liability.

*I. BACKGROUND*

This lawsuit is Plaintiff's third attempt to allege that Defendants conspired to prevent his election to the Nebraska Board of Regents in 2006. *See Prokop v. Neb. Accountability & Disclosure Comm'n*, No. 4:08CV3063, 2009 WL 250047 (D. Neb. Feb. 2, 2009) ("*Prokop I*"); (Case No. 4:09CV3051("*Prokop II*"), Filing No. 1.). The

court dismissed Plaintiff's first two suits because Plaintiff failed to state a federal claim upon which relief could be granted.  *See Prokop I*; (*Prokop II*, Filing No. 33 at CM/ECF p. 3.)  However, in both suits, the court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice to reassertion in state court.  *See Prokop I*; (*Prokop II*, Filing No. 33 at CM/ECF p. 3.)

On September 7, 2010, Plaintiff filed his Complaint in this matter.  (Filing No. 1.)  Plaintiff's Complaint contains substantially the same claims from *Prokop I* and *Prokop II*.  (*Compare Prokop I* and *Prokop II with* Filing No. 1.)  The primary difference between Plaintiff's current suit and his prior suits are his allegations about a Nebraska state court judgment that awarded the NADC late fees in connection with Plaintiff's 2006 candidacy for the University of Nebraska Board of Regents.  (Filing No. 1 at CM/ECF pp. 5, 14-15.)

On November 3, 2010, the NADC Defendants filed a Motion to Dismiss along with a Brief in Support.  (Filing Nos. 10 and 11.)  Two months later, the McClurgs filed a Motion to Dismiss along with a Brief in Support.  (Filing Nos. 22 and 23.)  In their Briefs, the NADC Defendants and the McClurgs both argue that Plaintiff's Complaint should be dismissed because it raises essentially the same claims as those previously dismissed in *Prokop I* and *Prokop II*.  (Filing No. 11 at CM/ECF pp. 2-3, 15-16; Filing No. 23 at CM/ECF pp. 2-7.)  Plaintiff has filed a Motion in Opposition to the Motions to Dismiss along with a Brief in Support.[1]  (Filing Nos. 45 and 46.)

---

[1]The court notes that Plaintiff's Motion and Brief in Opposition to Defendants' Motions to Dismiss are untimely.  *See* NECivR 7.0.1(b)(1)(B).  Plaintiff filed these documents more than three months after the NADC Defendants filed their Motion to Dismiss and more than a month after the McClurgs filed their Motion to Dismiss. (*See* Filing Nos. 10, 22, 45 and 46.)  However, even if the court were to consider these documents timely filed, the arguments contained within lack merit, as discussed below.

In addition, the McClurgs have filed a Motion for Attorney's Fees along with a Brief and an Index of Evidence in Support.  (Filing Nos. 24, 25 and 26.)

## II.  ANALYSIS

### A.      Motions to Dismiss

#### 1.      *Standard of Review*

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

#### 2.      *Plaintiff's Reasserted Claims*

The court has carefully reviewed Plaintiff's Complaint and Plaintiff's prior complaints from *Prokop I* and *Prokop II*.  Although Plaintiff's current allegations are somewhat reworded, they are materially identical to those raised in *Prokop I* and *Prokop II*.  Indeed, Plaintiff even acknowledges that he has refiled the same claims

with a "more specific" and "different . . . presentation."  (Filing No. 1 at CM/ECF p. 5; Filing No. 46 at CM/ECF pp. 1, 6.[2])

After dismissing *Prokop II*, the court stated:

> [T]his is the second time in two years that Plaintiff has filed a suit against Defendants for allegedly conspiring to prevent his election to the Nebraska Board of Regents. Filing this identical action is frivolous. If Plaintiff continues to file these identical claims, the court will be forced to take action to prevent such filings, including dismissal with prejudice and other sanctions.

(*Prokop II*, Filing No. 33 at CM/ECF p. 3.)  By filing a third suit that raises materially identical claims to those previously dismissed in *Prokop I* and *Prokop II*, Plaintiff has elected to ignore the court's warnings and orders.  In light of this, Defendants' Motions to Dismiss are granted and Plaintiff's claims are dismissed with prejudice. Plaintiff's Motion in Opposition is denied as untimely and without merit.

## B.    Motion for Attorney's Fees

On January 3, 2011, the McClurgs filed a Motion for Attorney's Fees along with a Brief and an Index of Evidence in Support.  (Filing Nos. 24, 25 and 26.)  In their Brief, the McClurgs ask the court to issue an order pursuant to Federal Rule of Civil Procedure 11(b) requiring Plaintiff to pay the attorney's fees they incurred in defending this action. (Filing No. 26.)  Plaintiff did not respond to this Motion. (*See* Docket Sheet.)

---

[2]In his Brief in Opposition to Defendants' Motion to Dismiss, Plaintiff clarifies that he does not seek to challenge the Nebraska state court judgment that awarded the NADC late fees, but instead, asks the court to "review the factors that led to [his] first filing" in this court.  (Filing No. 46 at CM/ECF p. 6.)  In other words, Plaintiff has elected to "refile" his original claims.  (Filing No. 1 at CM/ECF p. 5.)

As discussed above, Plaintiff has filed three suits against James McClurg that allege materially identical claims.[3]   After dismissing the second suit, the court informed Plaintiff that filing these identical claims was frivolous and that if he continued, the court would be forced to impose sanctions to prevent such filings. Plaintiff chose to ignore this warning and has also failed to respond to the McClurgs' Motion for Attorney's Fees.  Thus, the court finds that this matter is "being presented for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b).

As set forth in Rule 11, before a party may request sanctions, it must first notify the offending party of the specific conduct alleged to violate Rule 11, and permit the offending party to withdraw or correct the challenged conduct.  Fed. R. Civ. P. 11(c)(1-2).  If the offending party does not withdraw or correct its conduct within 21 days, the court may impose appropriate sanctions which "suffice[] to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  The McClurgs complied with Rule 11 by sending Plaintiff a letter on December 8, 2010.  (Filing No. 25-3, Attach. 3.)  In that letter, the McClurgs reminded Plaintiff of the court's September 10, 2009, Memorandum and Order, which warned Plaintiff that continuing to file identical claims was frivolous and would result in sanctions.  (*Id*. at CM/ECF pp. 1-5.)  The McClurgs asked Plaintiff to withdraw his claims against them, but Plaintiff refused to do so.  Because Plaintiff's actions are frivolous, harassing, and lack a legal basis, sanctions are appropriate.

Plaintiff is sanctioned the amount of reasonable attorney's fees incurred by the McClurgs in defending this suit and in making their Motion for Attorney's Fees. Because the record does not include evidence regarding the amount of the McClurgs'

---

[3]It is the second time that Plaintiff has alleged substantially the same claims against James McClurg's wife, Lori McClurg.

attorney's fees, the McClurgs' Motion for Attorney's Fees is granted with respect to liability only. The McClurgs shall have 21 days from the date of this Memorandum and Order to file an affidavit detailing the attorney's fees they have incurred in defending this action in accordance with NECivR 54.4. This amount should include the costs to review Plaintiff's pleading, prepare the December 8, 2010, letter to Plaintiff, draft the Motion to Dismiss and draft the Motion for Attorney's Fees. After the McClurgs file this affidavit, Plaintiff shall have 14 days to file a response. If Plaintiff chooses to file a response, the McClurgs shall have 7 days to reply. The court will withhold judgment in this matter until the Motion for Attorney's Fees is fully resolved.

IT IS THEREFORE ORDERED that:

1.      The NADC Defendants' Motion to Dismiss (filing no. 10) and the McClurgs' Motion to Dismiss (filing no. 22) are granted.

2.      Plaintiff's Motion in Opposition (filing no. 45) is denied as untimely and without merit.

3.      Plaintiff's Motion for Temporary Restraining Order (filing no. 12) is denied as moot.

4.      The McClurgs' Motion for Attorney's Fees (filing no. 24) is granted with respect to liability.

5.      The McClurgs shall have until March 28, 2011, to file an affidavit detailing the attorney's fees they have incurred in defending this action. After the McClurgs file the affidavit, Plaintiff shall have 14 days to respond. If Plaintiff chooses to file a response, the McClurgs shall have 7 days to reply.

6.      The Clerk of the court is directed to set a pro se case management deadline with the following text: March 28, 2011: check for affidavit.

7.      Plaintiff's Complaint is dismissed with prejudice.

8.      The court will withhold judgment in this matter until the Motion for Attorney's Fees is fully resolved.

DATED this 7th day of March, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.